**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Maria Bermudez Arenas,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

No. CV-26-01219-PHX-SHD (DMF)

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention. (Doc. 1.) Petitioner was taken into ICE custody on February 7, 2025. (*Id.* ¶ 16.) An immigration judge denied Petitioner's April 2025 and September 2025 requests for bond on the ground that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). (Doc. 8, Ex. A.) Also in September 2025, an immigration judge granted Petitioner's request for asylum. Respondents filed an appeal to the Board of Immigration Appeals ("BIA"), which remains pending. (Doc. 1 ¶¶ 19-20.)

Petitioner filed the instant Petition on February 20, 2026, challenging her prolonged detention under the Fifth Amendment. (Doc. 1.) After reviewing Respondents' initial response, the Court ordered supplemental briefing as to why the Court should not follow the decisions from the Second and Third Circuits that have held that prolonged detention without a meaningful bond hearing violates individuals' due process rights. *See Black v. Decker*, 103 F.4th 133 (2d Cir. 2024); *German-Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020). Respondents were also directed to show cause why the Court

should not direct that Petitioner receive a renewed bond hearing under the standard established in *Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011). (Doc. 10.)

Respondents' supplemental response maintains that Petitioner's prolonged detention does not constitute a violation of her due process rights. (Doc. 11.) The Court disagrees. As an initial matter, Respondents' reliance on *Fraihat v. Barr*, 790 F. App'x 120, 122 (9th Cir. 2020) is misplaced. In addition to being unpublished, *Fraihat* is factually inapposite. While the petitioner there challenged his prolonged immigration detention on due process grounds, the Ninth Circuit rejected his challenge because, critically, the petitioner had received two previous bond redetermination hearings. Thus, under the circumstances, petitioner received the process he was due. No such process has been provided here.

More fundamentally, the Court disagrees with Respondents' position that prolonged detention does not trigger a due process right to a bond hearing. The Court recently addressed this issue and explained its reasoning in a decision addressing prolonged detention under a different statutory provision requiring mandatory detention. *See Hanif v. Rokosky*, No. 26-cv-01732-PHX-SHD, at *3 (D. Ariz. July 29, 2026). The Court finds, as it did in *Hanif*, that Petitioner has a due process liberty interest in her release. And out of the various tests that have emerged to evaluate a non-citizen's prolonged detention claim, the Court finds the *Banda* test the most appropriate. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). Although *Banda* addressed detention under § 1225(b), the factors it adopted are not statute-specific and have been applied with equal force to prolonged detention under § 1226(c). *See Black*, 103 F.4th at 143; *German-Santos*, 965 F.3d at 210-11.

Under *Banda*, the Court considers the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Banda*, 385 F. Supp. 3d at 1106 (citation omitted).

All of the *Banda* factors favor Petitioner or are, at worst, neutral: she has been detained for over eighteen months without an individualized bond hearing, she will remain detained pending resolution of Respondents' appeal of her grant of asylum, and Respondents have caused the delay because of their appeal. Under these circumstances, Petitioner's detention has become unreasonably prolonged, and she is entitled to a bond redetermination hearing.

Where a non-citizen's detention under § 1226(c) has become unreasonably prolonged, the proper remedy is an individualized bond hearing before a neutral immigration judge. *See Galkin v. Scott*, No. 2:26-cv-00530-TLF, 2026 U.S. Dist. LEXIS 46838, at *12 (W.D. Wash. Mar. 6, 2026) (finding that "there is no authority" supporting relief in the form of immediate release, but there is authority supporting relief in the form of a bond hearing (cleaned up)); *see also Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) ("The Court finds, consistent with other post-*Jennings* [*Jennings v. Rodriguez*, 583 U.S. 281 (2018)] cases, that the appropriate remedy is a bond hearing before an immigration judge rather than immediate release."); *cf. Kaur v. Lyons*, No. 2:26-cv-00217-PHX-KML, at *1 (D. Ariz. Apr. 9, 2026) (adopting the magistrate judge's recommendations for a § 1225(b)(2) petitioner and granting a bond hearing).

At the bond hearing, Respondents bear the burden of proving that Petitioner is a danger or flight risk by clear and convincing evidence. *Singh*, 638 F.3d at 1203–05. Additionally, "[i]n the event Petitioner is 'determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond,' the [IJ] should consider Petitioner's financial circumstances and alternative conditions of release." *Liang Ding v. Noem*, No. 1:26-cv-01217-DJC-SCR, 2026 U.S. Dist. LEXIS 58212, at *7 (E.D. Cal. Mar. 19, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017)).

Accordingly,

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** that a bond hearing shall be held within **seven calendar days** of this Order, unless Petitioner requests a continuance of the bond hearing, in which case Respondents may seek an extension of time to comply with the Court's Order, as follows:

1. Petitioner must be given at least two days' notice of the bond hearing and the bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). There must be a contemporaneous record of the hearing, and the ***Government bears the burden*** of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community; or
2. In the alternative, the Government shall immediately release Petitioner under appropriate conditions of release.

**IT IS FURTHER ORDERED** that **within seven calendar days** after the bond hearing or Petitioner's release, the parties shall file a joint status report as to Petitioner's detention and, if applicable, the result of the bond hearing.

**IT IS FURTHER ORDERED** that all other motions are denied as moot. The Clerk of Court is directed to enter judgment in Petitioner's favor and terminate this action.

Dated this 26th day of August, 2026.

Honorable Sharad H. Desai
United States District Judge